UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 3:12-cr-00038-LRH-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ANTONIO CASARES-CUEVAS, | |
| Defendant. | |

Before the Court is Antonio Casares-Cuevas' ("Casares-Cuevas") Motion for Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A). ECF No. 245. Counsel for Casares-Cuevas filed a Notice of Non-Supplementation (ECF No. 246), the Government filed a response (ECF No. 248), and Casares-Cuevas filed a reply (ECF No. 251). For the reasons articulated in this Order, the Court denies the motion.

I.   **BACKGROUND**

The matter before this Court concerns a vast criminal drug conspiracy. In early 2012, federal and local law enforcement uncovered a conspiracy helmed by Casares-Cuevas to distribute methamphetamine in both California and Northern Nevada. Through their investigation, Officers ultimately seized what this Court described at the time as a "staggering" amount of methamphetamine which was intended to be distributed principally in Northern Nevada.

After a federal indictment on multiple counts, Casares-Cuevas entered a plea agreement on May 6, 2013 (the "Plea Agreement"), pleading guilty to conspiring to possess methamphetamine with intent to distribute and to distributing 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846, and 18 U.S.C. § 2. ECF No. 149. On September 12, 2013, this Court sentenced Casares-Cuevas principally to 292 months of imprisonment. ECF

1  No. 198. And on March 10, 2016, this Court reduced Casares-Cuevas' sentence based on the parties' stipulation under Amendment 782 from 292 months to 235 months of imprisonment. ECF Nos. 229, 230. Casares-Cuevas is currently in custody at USP Yazoo City in Mississippi and is eligible for release in June, 2029.

Casares-Cuevas requests the Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A). Casares-Cuevas argues that under the Sentencing Guidelines he received a higher starting base offense level for possessing methamphetamine actual as opposed to the starting base offense level for possessing methamphetamine mixture. ECF No. 245 at 4. He argues that this creates a sentencing disparity, and that purity level is not indicative of a defendant's culpability, role in a criminal enterprise, or proximity to the source of the drugs. *Id.* at 4-6. Casares-Cuevas contends that is an extraordinary and compelling reason for the Court to re-sentence him with a starting base offense level of 26. *Id.* at 10.

The Government construes Casares-Cuevas' motion as asserting "one basis for relief" and that he is essentially, "attacking the duration of his original sentence with a claim that he failed to raise at his sentencing." ECF No. 248, 4:7-12. It argues that Casares-Cuevas improperly brings his motion pursuant to 18 U.S.C. § 3582(c), when the motion should be brought pursuant to 28 U.S.C. § 2255, and if the Court decides to treat Casares-Cuevas' motion as such, then the motion should be denied as it is past the one-year filing limitation. *Id.* at 4-6. The Government further argues Casares-Cuevas has waived his right to challenge his sentence as (1) the alleged sentencing disparity existed at the time of Casares-Cuevas' sentencing, (2) he did not raise this issue at the time of his sentencing, (3) there has not been any intervening change in law since, (4) there is no foreseeable changes in the near future, and (5) he knowingly and expressly waived his right to all collateral challenges in the Plea Agreement. *Id.* at 6-8. Finally, the Government argues that Casares-Cuevas has not fully exhausted the administrative remedy required by § 3582(c)(1)(A) and that Casares-Cuevas' claim is not extraordinary and compelling. *Id.* at 8-9.

In reply, Casares-Cuevas reiterates, among other things, that "unwarranted sentencing disparities produced by the guidelines themselves constitute extraordinary and compelling reasons." ECF No. 251 at 2. He contends that he is not challenging his sentence but seeking

compassionate release due to the sentencing disparity and maintains that the Court cannot and should not recharacterize his motion as such. *Id.* at 2-3. Finally, he asserts that deterrence of crime increases by getting caught rather than the severity of punishment of the crime. *Id.* at 4-6.

## II.  LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days.

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Under the Sentencing Guidelines, the relevant policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

> (1)  (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2)  the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3)  the reduction is consistent with this policy statement.

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2021). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

18 U.S.C. § 3582(c)(1)(A) permits a court to reduce the term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a), "to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction." Section 3553(a) provides, in relevant part:

> (a) **Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> > (2) the need for the sentence imposed—
> > …
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> > . . .
> > (4) the kinds of sentence and the sentencing range established for
> > > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> > > …
> > > (B) in the case of a violation of probation or supervised the release, the applicable policy statements issued by the Sentencing Commission
> > > …
> > (5) any pertinent policy statement …
> > (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> > (7) the need to provide restitution to any victims of the offense[.]

**III.   DISCUSSION**

In *United States v. Chen*, the Ninth Circuit explained that, "When, as here, a defendant moves for compassionate release under § 3582(c)(1)(A), district courts may reduce his term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) 'extraordinary and compelling reasons' warrant a sentence reduction; (3) a sentence reduction is 'consistent with applicable policy statements' issued by the U.S. Sentencing Commission; and (4)

4

the district court considered the factors set forth in 18 U.S.C. § 3553(a)." 48 F.4th 1092, 1094–95 (9th Cir. 2022).

The Court finds that Casares-Cuevas does not meet any of the four conditions. First, although Casares-Cuevas cites to the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1) in both his motion and reply, he does not indicate that he has complied. ECF No. 245 at 1-2, 251 at 1-2. Under 18 U.S.C. § 3582(c)(1), Casares-Cuevas is required to first send his request to the warden; if he does not receive a response from the warden after 30 days, then he may file his motion with the Court. Casares-Cuevas does not explicitly state or even imply that he has sent such a request to the warden or waited for the elapse of 30 days. Furthermore, he has not attached any proof of such a request being made. The Court finds that Casares-Cuevas has failed to meet the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1).

Second, even if the Court considers Casares-Cuevas' arguments, which it is not required to do until he exhausts the administrative requirement, the Court finds that Casares-Cuevas has not presented extraordinary and compelling reasons warranting a release or reduction in his sentence. Casares-Cuevas claims that receiving a higher starting base offense level for possessing methamphetamine actual versus methamphetamine mixture creates a sentencing disparity which is extraordinary and compelling.[1] The Ninth Circuit in *Chen* found "that district courts may consider *non-retroactive changes in sentencing law*, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)." 48 F.4th at 1098 (emphasis added). Here, this is not the case. As explained further under the third prong, Casares-Cuevas' claimed sentencing disparity does not involve a non-retroactive change in the Sentencing Guidelines. In other words, the Sentencing Guidelines do not create a sentencing disparity between formerly sentenced defendants (Casares-Cuevas) and newly sentenced defendants convicted of the same crime.

Third, Casares-Cuevas' sentence is consistent with the current applicable policy statements issued by the U.S. Sentencing Commission. Moreover, the Court agrees with the Government

---

[1] The Court notes that the amount of "actual methamphetamine" in this case exceeded 1.358 kilograms.

5

when it points out that there is no reason to believe that the applicable policy statements will not continue as currently written in the next edition of the Guidelines. ECF No. 248 at 6.

Finally, the Court must also weigh whether a modified sentence is warranted under the § 3553(a) factors, including whether Casares-Cuevas poses a danger to the community. As noted in this Court's statement at the time of sentencing, the Court is especially concerned with the amount of methamphetamine seized in this case. While Casares-Cuevas did not necessarily commit a violent act, drug trafficking still causes permanent physical, mental, and emotional harm to the communities it touches. The Court finds that Casares-Cuevas' crime was very serious and maintaining the safety of the community weighs heavily against early release.

With these considerations in mind, the Court denies modifying Casares-Cuevas' current sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court finds that his current sentence reflects the seriousness of his crimes, promotes respect for the law, provides adequate punishment for his crimes, and adequately deters this conduct.

In regard to the Government's argument that Casares-Cuevas' 18 U.S.C. § 3582(c) motion should have been brought as a 28 U.S.C. § 2255 motion because Casares-Cuevas is attacking his sentence, the Court agrees that Casares-Cuevas' motion should have been brought pursuant to 28 U.S.C. § 2255, but the Court need not address the Government's argument because Casares-Cuevas' motion is procedurally barred as the one-year filing deadline has expired.

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that Casares-Cuevas' Motion for Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 245) is **DENIED.**

IT IS SO ORDERED.

DATED this 31st day of October, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE