UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>ANTONIO CASARES-CUEVAS,<br><br>　　　　　　　Defendant. | Case No. 3:12-cr-00038-HDM-VPC<br><br>ORDER |

　　　The defendant has filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (ECF No. 263). On December 4, 2024, the Federal Public Defender filed a "Notice of Non-Eligibility" pursuant to Second Amended General Order 2023-09, indicating that the defendant is not entitled to a sentence modification under Amendment 821. (ECF No. 267). The court agrees.

　　　Section 3582(c)(2) allows the court to modify a term of imprisonment for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by" a retroactive amendment to the Sentencing Guidelines. *See id.*; U.S.S.G. § 1B1.10(a)(1)-(2). Amendment 821 amended the sentencing guidelines in two ways that have been given retroactive effect. First, U.S.S.G. § 4A1.1 was amended to reduce or eliminate the number of criminal history points counted when an offender commits the instant offense while under a criminal justice sentence, otherwise referred to as "status points." Second, Amendment 821 created a new guideline provision - § 4C1.1 – which

1

provides for a reduction in offense level for certain offenders with zero criminal history points. The defendant neither received any "status points" nor was a zero-point offender. Accordingly, Amendment 821 had no effect on his guideline range, and he is not therefore eligible for relief under § 3582(c)(2). The motion for sentence reduction (ECF No. 263) therefore must be, and hereby is, DENIED.

    IT IS SO ORDERED.

    DATED: This 4th day of December, 2024.

_____
UNITED STATES DISTRICT JUDGE